1

2

3

4

5 COLIN MAYCOCK, as a member of Local
1849, as President of Local, 1849, as a
6 member of the Executive Board of Council 2,
Washington State Council of County & City
7 Employees, and as a member of the American
Federation of State, County & Municipal
8 Employees, AFL-CIO; LOCAL 1849, an
affiliate of Council 2, Washington State
9 Council of County & City Employees, and a
labor union operating in the State of
10 Washington; JAEL KOMAC, as a member of
Local 114, as President of Local 114, and as a
11 member of the American Federation of State,
County, & Municipal Employees, AFL-CIO;
12 and, LOCAL  114, an affiliate of Council 2,
Washington State Council of County & City
13 Employees, and a labor union operating in the
State of Washington,

                C19-562 TSZ

14           Plaintiffs,

                ORDER

15    v.

16 CHRISTOPHER DUGOVICH, President and
Executive Director of Council 2, Washington
17 State Council of County & City Employees;
COUNCIL 2, WASHINGTON STATE
18 COUNCIL OF COUNTY & CITY
EMPLOYEES, a legal entity operating in the
19 State of Washington; AMERICAN
FEDERATION OF STATE, COUNTY AND
20 MUNICIPAL EMPLOYEES, AFL-CIO, a
labor union operating in the State of
21 Washington,

22          Defendants.

23

ORDER - 1

THIS MATTER comes before the Court on Defendants Christopher Dugovich, Council 2, and American Federation of State, County and Municipal Employees' Motion to Dismiss, docket no. 14, and Motion for Leave to File Declaration in Response to Plaintiff's Declaration, docket no. 35. Having reviewed all papers filed in support of and in opposition to the motion, the Court enters the following order.

**<u>Background</u>**

Plaintiffs in this case are two union members and the local unions they represent. First Amended Complaint, docket no. 2, ("FAC") ¶¶ 2.1-2.4. They have sued the state-level affiliate of their local unions, Council 2, and Christopher Dugovich, who serves as President and Executive Director of Council 2. *Id.* ¶¶ 2.5-2.6. They have also sued the international union with which they are affiliated, the American Federation of State, County and Municipal Employees ("AFSCME"). *Id.* ¶ 2.7.

Plaintiffs bring a single claim for breach of contract and violation of federal labor statutes, alleging that they were wrongfully denied access to specific information regarding compensation paid to certain employees of Council 2. FAC ¶¶ 5.1-5.6. Specifically, Plaintiff Maycock requested the following information regarding Defendant Dugovich:

> 1) Gross wages paid in 2017; 2) 2017 Monthly employer medical contribution; 3) The 2017 annual employer-paid amount of H.R.A. or H.S.A. plans; 4) The 2017 annual value of employer-paid per diem; 5) The 2017 annual amount of employer-paid car allowance; 6) The 2017 annual amount of employer-paid pension contributions; 7) The 2017 annual amount of employer-paid contributions to deferred comp plan; 8) The 2017 annual amount of employer-paid contributions to 401-k (or equivalent) plan; 9) The 2017 annual amount of employer-paid post-retirement health plans.

*Id.* ¶ 4.2.  This request was denied, which prompted Maycock to file an internal appeal to

Council 2.  *Id.* ¶¶ 4.3-4.4.  Judicial Panel Member Theodorah McKenna denied that

appeal in a decision dated January 4, 2019.  *Id.* ¶ 4.5.  Plaintiff Komac also "made a

substantially similar, if not identical, request for information from Council 2.  *Id.* ¶ 4.6.

Maycock appealed McKenna's denial to AFSCME's Full Judicial Panel on February 1,

2019.  *Id.* ¶ 4.7.  Plaintiffs Local 114 and Komac requested to intervene in Maycock's

appeal, but that request was denied.  *Id.* ¶ 4.8.  No explanation for the denial was

provided.  *Id.*  After a hearing, the Full Judicial Panel denied Maycock's appeal and

affirmed McKenna's decision without explanation on April 2, 2019.  *Id.* ¶ 4.10.  On

April 15, 2019, Maycock appealed the decision to the International Convention of

AFSCME, which is scheduled to convene in July 2020.  *Id.* ¶ 4.11.  Plaintiffs filed this

action on the same day and amended the complaint one day later on April 16, 2019.

On May 10, 2019, AFSCME's President, Lee Saunders, wrote a letter to the Full

Judicial Panel requesting reconsideration of its decision and expressing "concern[] that

the decision of the Judicial Panel as it relates to the right of members to inspect certain

financial information does not comport with [the President's] interpretation of the

International Constitution or with earlier Judicial Panel precedent."  Ex. A to Dugovich

Decl. (docket no. 15).  He further requested that the panel hear the matter "on an

expedited basis" and "that written reasons be provided for either upholding or

overturning the Hearing Officer's decision."  *Id.*

On May 11, 2019, Maycock's counsel objected to Saunders' proposal, writing,

"[g]iven Mr. Saunder[s'] epiphany came only after my clients filed suit in federal

court . . . my clients remain skeptical of the *bona fides* of Mr. Saunder[s'] direction that the matter be reconsidered.  It appears that this direction was motivated by expediency rather than his actual belief as to how the rules should and do apply."  Ex. 11 to Maycock Decl. (docket no. 11 at 95).  On May 13, 2019, counsel for Maycock reiterated this objection, calling Saunders' proposal a "thinly-veiled attempt to engineer a different outcome reached by the Full Judicial Panel in an effort to avoid embarrassment, and to buttress . . . a forthcoming defense that [Plaintiffs'] claims in the federal court litigation should be dismissed as moot."  *Id* at 93.

On June 3, 2019, the Judicial Panel reconvened and heard argument.  Dugovich Decl. ¶ 4 (docket 15 at 1).  The next day, the Panel issued a new decision, reversing its earlier conclusion and directing Council 2 to provide Maycock with all of the specific information he sought.  Ex. B to Dugovich Decl. (docket no. 15 at 7-12).[1]  The decision also stated that "[g]oing forward, it is expected that Council 2 will comply with this decision and make arrangements to permit Brother Maycock, and any other requesting member, to view the requested information under reasonable conditions intended to preserve the confidentiality of such information."  *Id.* at 12.  Council 2 subsequently informed Maycock and Komac that the requested information would be made available.  Dugovich Decl. ¶ 6 (docket 15 at 2).

---

[1] The list of information to be provided by Council 2 is identical to the information Plaintiffs seek in this lawsuit.

**Discussion**

### I.      Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court must dismiss an action if the court lacks "jurisdiction over the subject matter." "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (citing *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987)). Mootness, because it pertains to a federal court's subject-matter jurisdiction, is "properly raised in a motion to dismiss under [FRCP] 12(b)(1)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *Id.* Where the attack is factual, a court may look beyond the complaint and "need not presume the truthfulness of the plaintiffs' allegations." *Id.* (citing *Moore's Federal Practice* ¶ 12.30[4], at 12-38 (3d ed. 1999); *see also Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) ("Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.").

## II.    Mootness

Plaintiffs' claims are moot.  "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732–33 (2008) (internal quotation marks omitted).  Here, Plaintiffs have been provided with access to all the information requested in their complaint.  *Compare* First Amended Complaint, docket no. 2, ¶¶ 4.2 (requesting certain information from Defendant Dugovich), 5.1-5.6 (describing a single cause of action for breach of contract and violation of federal labor statutes based on failure to provide the requested information), 6.1 (requesting "a declaration that [Plaintiffs] are entitled to the requested information and an order directing Defendants to produce said information to Plaintiffs") *with* Dugovich Decl., docket no. 15, ¶¶ 4-6 (describing the Judicial Panel's decision on reconsideration and letters sent to Plaintiffs Maycock and Komac offering to make arrangements to view the same requested information), Exs. B & C to Dugovich Decl. (docket no. 15) (a copy of the decision on reconsideration and the letters mailed to Plaintiffs).[2]

### A.    *Voluntary Cessation*

This case does not fit into the voluntary cessation exception to the mootness doctrine.  Generally, "a defendant's voluntary cessation of a challenged practice does not

_____

[2] Plaintiffs argue that their claims are not moot because "Local 114 still has not been provided with the information that it requested in its letter of December 21, 2018."  Plaintiffs' Response to Motion to Dismiss, docket no. 26 at 12; Local 114 Decl. (docket no. 34 at 2).  That assertion is without merit.  Like Plaintiff Maycock, Plaintiff Local 114 also received a letter stating that "any member" may view the information requested in the Amended Complaint.  *See* Dugovich Decl., docket no. 15, ¶ 6; Dugovich Decl., docket no. 35, ¶¶ 1, 2.

deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal quotation marks and citation omitted). However, "'if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur,'" then the exception is inapplicable. *Id.* (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)). The exception is designed to ensure a defendant is not "free to return to his old ways." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 n.10 (1982) (internal quotation marks and citation omitted).

Here, Defendants do not retain the power to resume the allegedly unlawful conduct at any time—the Judicial Panel has ordered Council 2 to provide the information at issue to Plaintiff Maycock and any other requesting member. The decision on reconsideration concluded that Defendant Dugovich was "guilty of violating the Bill of Rights, Section 6 . . . [and] direct[s him] not to repeat the violation in the future." Dugovich Decl., docket no. 15, Ex. A at 7. The decision further states that "it is expected that Council 2 will comply with this decision and make arrangements to permit Brother Maycock, *and any other requesting member*, to view the requested information under reasonable conditions intended to preserve the confidentiality of such information." *Id.* (emphasis added). Defendant Dugovich has in turn complied with the decision and offered to make the requested information available to Plaintiff Maycock. Thus, Maycock requested declaratory relief regarding his right to specific information, and he now has access to that information. Defendants do not retain the power to resume withholding the requested information, nor can it be reasonably expected that the

allegedly wrongful withholding will recur in light of the decision on reconsideration. Plaintiffs cannot perform an end-run around the mootness doctrine by belatedly broadening the relief they request, suggesting a declaratory judgment is required to protect union members' rights to other unspecified information in the future. Such a controversy is not before the Court at this time, and the Court will not issue an advisory opinion about members' generalized rights to information.

## B.     *Capable of Repetition Yet Evading Review*

This case also fails to trigger the "capable of repetition yet evading review" exception to the mootness doctrine. The exception applies only where "'(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *Davis v. FEC*, 554 U.S. 724, 735 (2008) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). The specific contractual violation at issue here—the failure to provide the requested information—cannot be repeated. The information has been made available to Plaintiffs, and its availability has been guaranteed by the Judicial Panel's decision on reconsideration. *See, e.g.*, *Christian Coalition of Florida, Inc. v. United States*, 662 F.3d 1182, 1194-95 (11th Cir. 2011) (distinguishing between the specific controversy at issue in a case and hypothetical similar controversies that may arise between the same parties in the future).

Moreover, even if a similar controversy were likely to recur, it would not necessarily evade review.

> For a controversy to be too short to be fully litigated prior to cessation or expiration, it must be of *inherently* limited duration. That is, the controversy

will only ever present a live action until a particular date, after which the alleged injury will either cease or no longer be redressible. The limited duration of [the] controvers[y] [must be] clear at the action's inception.

*Hamamoto v. Ige*, 881 F.3d 719, 722 (9th Cir. 2018) (internal quotation marks and citations omitted).

In a hypothetical situation similar to the present dispute, the denial of information would be subject to the same internal appeal process, which may or may not result in a reversal. In any event, the challenged action would not necessarily be "too short to be fully litigated." *Id.*[3]

## Conclusion

For the foregoing reasons, the Court ORDERS:

(1)     Defendants' Motion to Dismiss, docket no. 14, is GRANTED. Plaintiffs' claims are DISMISSED without prejudice.

(2)     Plaintiffs' Motion for Summary Judgment, docket no. 9, is STRICKEN as moot.

(3)     Defendants' Motion for Leave to File Declaration in Response to Plaintiff's Declaration, docket no. 35, is GRANTED.

---

[3] The Court has concluded that this matter is moot and thus needs not reach Defendants' alternative arguments in favor of dismissal. *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 626 (9th Cir. 2016). Plaintiffs also fail to state legally cognizable claims under Section 301 of the Labor-Management Relations Act ("LMRA"). The LMRA specifically excludes public employers and their employees. *See Pac. Maritime Ass'n v. Local 63 ILWU*, 198 F.3d 1078, 1081 (9th Cir. 1999). Even if one of the Plaintiff unions may have both public and private-sector members, there is no "mixed union" exception under the LMRA as there is under the LMRDA. *See Richards v. Ohio Civil Serv. Employees Ass'n.*, 205 F. App'x 347, 354 (6th Cir. 2006); *Cunningham v. Local 30, Int'l Union of Operating Engineers*, 234 F. Supp. 2d 383, 395 (S.D.N.Y. 2002).

ORDER - 9

1    (4)    The Clerk is directed to send a copy of this Order to all counsel of record
2    and to close this case.
3    IT IS SO ORDERED.
4    Dated this 1st day of October, 2019.

_____
Thomas S. Zilly
United States District Judge